IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LYLE PERRY TAGGART, | Cause No. CV 22-34-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On April 19, 2022, state pro se petitioner Lyle Perry Taggart filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. Taggart previously filed a habeas petition in this Court; however, the matter was dismissed pursuant to Federal Rule of Civil Procedure 41(b) based upon Taggart's failure to prosecute.[1]

Taggart was advised of the requisite screening provisions under 28 U.S.C. § 1915(a). He was informed that it appeared his petition was both time-barred and procedurally defaulted but was provided an opportunity to explain why his petition should not be dismissed. (Doc. 3.)

---

[1] See *Taggart v. Knudsen, et al.*, Cause No. CV-21-96-BLG-SPW, Or. (D. Mont. Oct. 20, 2021).

1

Taggart subsequently informed the Court that the Montana Sentence Review Division ("SRD") had granted him an out-of-time review of his underlying sentence. (Doc. 8.)  In consideration of the procedural hurdles before Taggart, this Court issued a stay thereby allowing him an opportunity to attempt to exhaust his claims in the state court. (Doc. 9.)

On February 2, 2023, Taggart appeared with appointed counsel before the SRD. (*See* Doc. 13-1 at 9.)  On February 13, 2023, the SRD issued its decision affirming Taggart's sentence, finding that Taggart failed to establish was "clearly inadequate or clearly excessive." (*Id.* at 10.)

Following the ruling by the SRD, this Court lifted the stay that had been previously imposed and directed Taggart to file a response to the show cause order which had previously been entered. (Doc. 11.)  On April 10, 2023, Taggart filed his response and exhibits. (Docs. 13 & 13-1.)

**Analysis/Statute of Limitations**

The procedural history of this case has been set forth at length in prior orders of the Court and will not be repeated herein. (*See e.g.*, Doc. 3 at 2-5.)  Taggart now asks this Court to "reverse and remand" its show cause order. (Doc. 13.)  Taggart does not dispute this Court's calculation relative to his federal limitations period.  Instead, he notes that on September 23, 2022, the SRD granted him an out of time review.  Relying upon *Branham v. Montana*, 996 F. 3d 959 (9th Cir. 2021),

Taggart argues that sentence review is "required to meet the State exhaustion requirements for federal review." (*Id.*) From this starting point, Taggart then posits that because there is no appeal from the SRD proceedings, he has fully exhausted his state remedies. (*Id.*) Further, Taggart argues since the SRD allowed his late application, that "effectively reopened his case and allowed him to present his issues" making the time bar "effectively moot." (*Id.*) Taggart believes the February 16, 2023, SRD decision is the "final judgment" and, accordingly, he is timely in his filing. (*Id.*) But even if this Court were to find that his claims are not procedurally defaulted, they remain untimely. Unfortunately, Taggart misunderstands the holding of *Branham v. Montana*. It does not provide cause to excuse his late filing.

In *Branham* the Circuit's inquiry was not focused on exhaustion, but rather on whether SRD proceedings in Montana constitute direct or collateral review, for purposes of determining when the 1-year limitations period began under 28 U.S.C. § 2244(d). *Branham v. Montana*, 996 F.3d 959, 962 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 454 (2021). Under § 2244(d) the one-year limitations period begins to run upon "the conclusion of direct review" of the conviction and is suspended during the pendency of any "properly filed application for State post-conviction or other collateral review." The Circuit held that a proceeding before the Montana SRD constitutes collateral, and not direct review. *Branham*, 996 F. 3d at 966-68.

3

Thus, Taggart's argument that his statute of limitations was effectively reset upon conclusion of SRD review is defeated by *Branham*.

Had Taggart's SRD proceeding resulted in the vacatur of his sentence and imposition of a new sentence, the statute of limitation would have run anew from the imposition of the new judgment. *Branham*, 996 F. 3d at 968 (*citing Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010); *Smith v. Williams*, 871 F 3d 684, 685-86 (9th Cir. 2017)). But because no new judgment was entered, there is no basis in Taggart's case to restart or revive the limitations period. *Id.*

Accordingly, this Court's prior analysis of Taggart's limitations period remains unchanged. (*See e.g.,* Doc. 3 at 5-7.) The Montana Supreme Court dismissed Taggart's direct appeal following his resentencing on March 29, 2016. Taggart then had 90 days from that date to seek a writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F. 3d 1157, 1158-59 (9th Cir. 1999)("the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); *see also Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009). Thus, the statute of limitations began to run 90 days after the Montana Supreme Court denied relief, that is on June 27, 2016. Taggart should have filed his federal petition on or before Tuesday, June 27, 2017. But he filed in this Court on April 19, 2022, nearly five

4

years too late.

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2); *see also Jimenez v. Rice*, 276 F. 3d 478, 482 (9th Cir. 2001). In addition to his prior federal petition, Taggart also filed a state habeas petition in 2021. But a state habeas petition filed after the federal limitations period ended cannot toll the previously expired period. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." See, *Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003); *Jimenez*, 276 F. 3d at 482. Similarly, Taggart's filing in the SRD does not provide him relief from the limitations period that had expired years prior.

Finally, Taggart has not established that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing in this Court on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Likewise, he has not shown that his untimeliness should be excused because he has new evidence to prove that no reasonable factfinder could find him guilty beyond reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). In fact, in materials filed in this Court's record, Taggart acknowledges that he does not deny his guilt to the state offenses. (*See* Doc. 13-1 at 5.) In short, Taggart's petition is time-barred without excuse and will be dismissed with

prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Taggart has not made a substantial showing that he was deprived of a constitutional right. Moreover, jurists of reason would not find it debatable that his petition is untimely. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Taggart's Petition (Doc. 1) is DISMISSED with prejudice as time barred.

6

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this *29th* day of August, 2023.


Susan P. Watters
United States District Court Judge

7